```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


PAUL E. ARCHIE,                  §
Reg. #519474,                    §
                                 §
              Petitioner,        §
                                 §
v.                               §   CIVIL ACTION NO. H-05-1177
                                 §
DOUG DRETKE,                     §
                                 §
              Respondent.        §
```

**MEMORANDUM OPINION AND ORDER**

Paul E. Archie, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus challenging a prison disciplinary proceeding.  The respondent has filed a motion for summary judgment.  After reviewing the pleadings and the records, the court has determined that the motion should be granted and this action should be dismissed.

### I.  Procedural History

Archie is serving a thirty-year sentence for possession of cocaine.  State v. Archie, No. 512624 (230th Dist. Ct., Harris County, Tex., June 13, 1989).  A procedural history concerning any appeal and post-conviction proceedings of the felony offense is not necessary or relevant because Archie does not attack the validity of his state court conviction.  Instead, the focus of

this habeas action is the outcome of a prison disciplinary hearing in which he was found guilty of extortion in violation of the prison rules. TDCJ-CID Disciplinary Case #20050074131. See Disciplinary Hearing Packet, filed September 28, 2005. The specific charge was that Archie "did extort $900.00 from (Jackie North #1007355) in that Archie did deceive Offender North to pay $900.00 for legal work that was never completed." Id. at 1.

Archie was given notice of the charge on November 10, 2004, and the hearing was held on November 12, 2004. Id. After finding Archie guilty of the charge, the disciplinary hearing officer assessed Archie with the following punishments: (1) fifteen days in solitary confinement; (2) a loss of forty-five days of recreation and commissary privileges; (3) retention at Line 3 Classification; and (4) a forfeiture of 730 days of good-time credit. Id.

Archie appealed by submitting a Step One grievance on November 15, 2004. See Grievance Packet, filed September 28, 2005. The Senior Warden denied the grievance on December 10, 2004. Id. at 3. Archie then filed a Step Two Grievance on January 20, 2005, which was denied on February 7, 2005. The instant habeas petition was executed and filed by Archie on February 21, 2005.

## II.  Claims

Archie asserts the following claims in his petition for a writ of habeas corpus:

1. The evidence is insufficient to support a finding that Archie deceived and extorted $900.00 from Jackie North in violation of the TDCJ-CID Disciplinary Rules.

2. There was insufficient evidence presented at the hearing to support a finding that Archie performed any legal work for North.

3. There was no evidence of any relationship between North and Ms. Winters[1] that would support a finding that Archie was guilty regarding his use of the money order.

4   There was no evidence to support a finding that Wither's money order was deposited in Archie's inmate trust fund account.

5. Archie is not guilty of extortion because the disciplinary hearing record does not reflect that Archie forfeited $900.00 as a result of a determination that he had committed extortion.

6. The disciplinary hearing officer denied Archie a fair and impartial hearing by relying on letters alleged to be from Archie when in fact they were actually written by North.

7. The disciplinary hearing officer was biased against Archie, and the officer's finding of guilt was made in retaliation for a suit Archie had filed against him.

8. The charging officer filed the disciplinary report against Archie in retaliation for grievances that Archie had filed against him.

9. The TDCJ Disciplinary Rule requiring that a disciplinary charge be brought within thirty days is vague and unconstitutional.

See Petition, Docket Entry No. 1, at 7(A)-(B).

---

[1] Winters is the purported payer, which the records indicate as Juanita Withers, see Disciplinary Hearing Packet at 14.  In the interests of clarity and consistency, the court will refer to the payer as Withers.

### III. Standards

**A.   Summary Judgment**

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); Hall v. Thomas, 190 F.3d 693, 695 (5th Cir. 1999).  In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois, 140 F.3d 622, 625 (5th Cir. 1998).  The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case.  See Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992).  For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts that indicate that there is a genuine issue for trial. Celotex, 106 S.Ct. at 2552; Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996).  The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 106 S.Ct. 1348, 1356 (1986). To meet its burden the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986).

**B.    28 U.S.C. § 2254**

Under the provisions of 28 U.S.C. § 2254(d) the federal courts accord wide deference to the decisions of the state courts. Davis v. Johnson, 158 F.3d 806, 812 (5th Cir. 1998). However, the proceeding in this action has not been reviewed by the state courts of Texas because the state courts will not review prison disciplinary claims. Ex parte Brager, 704 S.W.2d 46 (Tex. Crim. App. 1986). Moreover, TDCJ-CID disciplinary determinations are not reviewed under the same criteria as state court decisions in federal habeas proceedings. See Wadsworth v. Johnson, 235 F.3d 959, 962 (5th Cir. 2000). The court will consider whether Archie's constitutional rights were violated during the disciplinary proceeding brought against him. 28 U.S.C. § 2254(a).

## IV.  Analysis

**A.    Demotion, Loss of Privileges, and Temporary Confinement**

Archie's challenges to the validity of punishments that temporarily denied him certain privileges or adversely affected his

classification have no basis in law because such punishments are not actionable in federal court. Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995) (loss of privileges); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (loss of classification). See also Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) (effect on prisoner's good-time earning status upon timing of release was too speculative to afford constitutionally cognizable right); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (thirty days of commissary and cell restrictions are merely changes in conditions of confinement and do not implicate due process concerns). Archie's temporary placement in solitary confinement cannot be challenged because that punishment does not affect the length of his confinement. Luken, 71 F.3d at 193. Therefore, only Archie's loss of good time will be subject to review. See Malchi, 211 F.3d at 957-58; Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").

**B.   Procedural Bar**

The respondent argues that part of Archie's claims are unexhausted and therefore procedurally barred because he failed to properly present all of them in the TDCJ-CID administrative grievances appealing the outcome of the disciplinary proceeding. The respondent specifically asserts that Archie did not allege in

his grievances that the letters (Claim 6) were false although he did argue that the letters were insufficient evidence of guilt without proof that he had written them. See Motion for Summary Judgment, Docket Entry No. 13, at 7. The respondent also contends that the claims regarding the vagueness of the thirty-day disciplinary charge rule (Claim 9) and the absence of a forfeiture ruling (Claim 5) were not raised in Archie's step one grievances, and that his claim regarding the charging officer (Claim 8) was not raised at all. Id.

As noted above, TDCJ-CID Disciplinary Proceedings are not subject to review by the Texas courts. Instead, they must be exhausted through a two-step prison administrative process. See Offender Handbook, http://tdcj.state.tx.us//publications/id. See also Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004), citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Prisoners challenging the decisions of disciplinary hearing officers must exhaust their administrative remedies before seeking habeas relief in federal courts. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Otherwise, federal courts must dismiss the petitions for non-exhaustion. See Baxter v. Estelle, 614 F.2d 1030, 1031-32 (5th Cir. 1980), citing Lerma v. Estelle, 585 F.2d 1297, 1299 (5th Cir. 1978).

Archie's Response (Docket Entry No. 17) contends that he has exhausted all of his administrative remedies. The respondent has

-7-

submitted copies of Archie's grievances.  Grievance Packet, filed September 28, 2005, at 1-4.  In his Step 1 Grievance, Archie raises six arguments:  (1) the case is void because there is no allegation of the date of the offense -- there is no evidence that Archie extorted anything from North on November 8, 2004; (2) the evidence is insufficient to prove that Archie received or extorted $900.00 from North -- the evidence demonstrates that money orders were exchanged but there is no indication that the money was deposited in Archie's account; (3) the letters submitted as evidence were insufficient to prove extortion -- there was no evidence that Archie wrote the letters; (4) there was no evidence that Archie ever performed any legal work for North; (5) Archie was denied a fair and impartial hearing because he had previously filed a lawsuit against the hearing officer; and (6) Archie was subjected to double jeopardy because he was charged with trafficking and trading in separate disciplinary actions involving evidence used against him in his extortion case.  Id. at 3-4.

In his Step 2 Grievance, Archie also presents six arguments, but they are worded differently from those presented in the Step 1 Grievance.  There Archie argued that (1) the evidence was insufficient because the hearing officer did not order that Archie must forfeit $900.00 on the basis that he had extorted the money from North; (2) the evidence was insufficient because there was no proof that Withers was related to North or that her check was

deposited in Archie's inmate trust fund account; (3) the evidence was insufficient because there was no indication that the letters, which had been obtained from North, had been drafted by Archie; (4) the evidence was insufficient because there were no documents proving that Archie had performed any legal work for North, only North's false statements upheld such a finding; (5) Archie was denied a fair and impartial hearing because he had a lawsuit pending against the hearing officer who found that Archie was guilty despite the absence of any evidence showing that Archie had actually received any money from North or Withers; and (6) the disciplinary case should be declared void because there was no date alleged in the charge and the day of discovery rule is void because there is no statute of limitations for a prison disciplinary case. Id. at 1-2.

In order to satisfy the exhaustion requirement the petitioner must give the state courts or administrative panels a fair opportunity to review the claims. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). This requirement is met if the arguments in the federal petition are substantially the same as those presented in the state proceedings. Id. There is no requirement that the claims be identically worded. Id. Although the allegations in Archie's grievances vary in detail regarding the letters, it is clear that he asserted to the TDCJ-CID administrators that the letters were not genuine, and therefore

Archie has adequately exhausted his claim that the letters were false.

On the other hand, Archie did not challenge the validity of the thirty-day disciplinary charge rule (Claim 9) and the absence of a forfeiture ruling (Claim 5) in his Step One grievance. Consequently, those claims are unexhausted. Johnson, 385 F.3d at 515. Moreover, his claim regarding the charging officer's retaliatory intent (Claim 8) was not raised in either grievance and therefore is also unexhausted. Archie may not now file another grievance to seek a review of these claims by the prison administration. Id. Consequently, he is procedurally barred from pursuing Claims 5, 8, and 9 in the pending habeas action. These claims are subject to dismissal because Archie has failed to show good cause for his failure to comply with the established procedures or that he is actually innocent of the disciplinary infraction for which he was punished. Dowthitt v. Johnson, 230 F.3d 733, 752 (5th Cir. 2000). In addition, the court concludes that these claims are meritless for the reasons stated below.

**C.   Sufficiency of the Evidence**

The majority of Archie's arguments (Claims 1-6) are challenges to the sufficiency of the evidence used to find him guilty of the disciplinary infraction. A prison disciplinary hearing is different from a criminal trial, and Archie is not entitled to the

same rights accorded to a criminal defendant.  <u>Wolff v. McDonnell</u>, 94 S.Ct. 2963, 2975 (1974).  He is entitled to (1) a written notice of the charges given at least twenty-four hours before a scheduled hearing; (2) a hearing before an impartial tribunal; (3) where the inmate has the right to present evidence in his behalf, including the qualified right to call witnesses; and (4) a written statement regarding the evidence relied upon and the reasons behind the disciplinary action taken.  <u>Id.</u> at 2978-79.  Unlike a criminal proceeding, which requires that guilt be proven beyond a reasonable doubt, the outcome in a prison disciplinary hearing will be upheld if there is "some evidence to support the findings made in the disciplinary hearing."  <u>Hudson v. Johnson</u>, 242 F.3d 534, 536 (5th Cir. 2001), <u>quoting</u> <u>Superintendent, Mass. Correctional Inst., Walpole v. Hill</u>, 105 S.Ct. 2768, 2770 (1985).  Moreover, the court will not overturn a prison disciplinary decision unless it is arbitrary and capricious.  <u>Banuelos v. McFarland</u>, 41 F.3d 232, 234 (5th Cir. 1995), <u>citing</u> <u>Smith v. Rabalais</u>, 659 F.2d 539, 545 (5th Cir. 1981).

Under the above standard there is sufficient evidence to uphold the determination that Archie was guilty of extortion. Included in the Disciplinary Hearing Packet (pages 2 and 4) is an Offense Report from the charging officer, B. Bohannon.  Officer Bohannon stated that he interviewed Archie on November 8, 2004, and that Archie admitted that he agreed to do legal work for North in

exchange for money.  However, Archie never completed the work because he found North to be a difficult client.

North had given Bohannon copies of Western Union money orders totaling $900.00.  See Disciplinary Hearing Packet, pages 10-14. The money orders had been sent from North's mother, Juanita Withers, to Archie's sister, Mary Smith.  Bohannon verified the transactions with Western Union.

In addition, there were four typewritten letters from Archie to North discussing the legal work that Archie was supposedly doing in behalf of North.  See Disciplinary Hearing Packet, pages 7-9, 15-18.  The letters, which bear Archie's signature, contain assurances that North had a good case and Archie would successfully complete the work.  Archie also gave instructions regarding payment of the supposed fee by sending it to Mary Smith in Texas City, Texas.  Id. at 8.  In the record there is a visitation list for Archie, which includes a sister named Mary Smith whose address is in Texas City.  Disciplinary Hearing Packet, page 6.

Archie's contention that the letters to North are forged is not supported.  The signatures are almost identical to those on the pleadings submitted in the pending habeas action, and Archie's conclusory argument is insufficient to entitle him to relief. Smallwood v. Johnson, 73 F.3d 1343, 1351 (5th Cir. 1996).  The audio tape reveals that the charging officer testified about his report at the hearing and verified the information contained in it.

It was evident from the record that Archie had persuaded North to pay him for legal work that was never performed.  The record also contains a written complaint from North about Archie's deception.  See Disciplinary Hearing Packet, page 5.  It provided a basis for the charging officer's investigation although it was not admitted as evidence.  Archie was given advanced written notice of the hearing.  Id. at 1.  He attended the hearing with a counsel substitute and was allowed to cross-examine the charging officer. Audio Tape.  He also had the opportunity to present controverting evidence; however, Archie merely stated that he never received any money for work that he did and that the allegations against him were lies.

The record demonstrates that Archie was afforded an opportunity to defend himself and that there was ample evidence against him.  His assertion that the evidence was false does not present grounds for challenging the outcome where the record clearly indicates that he had a fair hearing.  Collins v. King, 743 F.2d 248, 253-54 (5th Cir. 1984).  There was sufficient and reliable evidence to find Archie guilty of extortion.  Richards v. Dretke, 394 F.3d 291, 295 (5th Cir. 2004).  Archie's first six claims are subject to dismissal.

**D.   Retaliation**

Archie argues that the hearing officer and the charging officer retaliated against him for grievances and a suit that he

filed against them. See Claims 7 and 8. Prisoners' claims of retaliation are considered warily by the courts lest they become embroiled in the multitudes of disciplinary actions and grievances filed daily in the prisons. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). To prevail on such a claim, Archie must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. MacDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires that Archie show that but for the officers' retaliatory motive the complained of action would not have happened. Id. There is no proof that the officers were motivated by or were even aware of any administrative or legal actions taken by Archie against them. Consequently, the claims (7 and 8) are subject to dismissal. See Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 320 (5th Cir. 2004).

**E.   Constitutionality of TDCJ-CID Rule**

In his last argument (Claim 9), Archie complains that the TDCJ-CID rule requiring that disciplinary charges be brought within thirty days of the discovery of the offense is vague and unconstitutional.[2] Archie's contention is based on the fact that

---

[2]

The TDCJ-CID Disciplinary Rules state that "Offenders shall be served with notice of disciplinary charges at least twenty-four (24) hours prior to their hearings and within thirty (30) days of

(continued...)

he was charged on November 10, 2004, for events that took place in 2003. As noted above, Archie failed to properly assert this claim in his grievances, and consequently, he is procedurally barred from presenting it in this action. Moreover, the claim is baseless.

Although the extortion occurred more than thirty days before the charge was filed, the delayed disciplinary action was due to the fact that prison officials did not discover the infraction until November of 2004. The rule in question clearly states that the charge shall be brought within thirty days of "discovery of the alleged violation." By its very nature, the ongoing extortion was concealed from the officials. The charging officer was only able to discover the illegal operation when North complained to him that November. The thirty-day period did not begin to run until the TDCJ-CID officials discovered the extortion. See United States v. Santana-Castellano, 74 F.3d 593 (5th Cir. 1996). Moreover, the charging officer found that Archie's sister was transferring proceeds as late as September of 2004. Disciplinary Hearing Packet, page 4.

Archie received due process required under Wolff v. McDonnell, and the deprivation, if any, caused by the TDCJ-CID rule concerned a state-imposed requirement that is not the province of the federal

---

²(...continued)
discovery of the alleged violation." See Texas Department of Criminal Justice -- Disciplinary Rules and Procedures http://www.tdcj.state.tx.us/publications/cid/GR-106%20Web%20Final%20doc%203-23-05.pdf.

courts.  Weeks v. Scott, 55 F.3d 1059, 1063 (5th Cir. 1995).  Even if the court were to find that Archie did not receive full due process, Archie has failed to demonstrate that he was harmed by the delay.  See Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998). Archie's challenge to the prison regulation is subject to dismissal.

The Respondent's Motion for Summary Judgment is **GRANTED,** and Archie's habeas petition will be dismissed because his claims do not provide an actionable basis for relief.

## V.   Archie's Motions

Archie has filed four motions (Docket Entry Nos. 18, 19, 20, and 21) all of which will be denied.  In two motions (Docket Entry Nos. 18 and 20) Archie seeks copies of his disciplinary records. The TDCJ-CID records indicate that Archie was provided at least part of the records during the disciplinary proceedings. Disciplinary Hearing Packet, page 1.  Moreover, the court has found that records clearly support a finding of guilt in a prisoner disciplinary proceeding.  Rule 6 of the Rules Governing § 2254 petitions does not entitle a habeas petitioner to discovery in order to pursue speculative claims or conclusory allegations. Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000).  Archie's motions for production of the records are **DENIED** because he has failed to show that further review of the documents in question

would affect the outcome of this action.  Harris v. Johnson, 81 F.3d 535, 540 (5th Cir. 1996).

Archie has also filed a Motion for Summary Judgment (Docket Entry No. 21).  This motion is **DENIED** for the reasons stated in this Memorandum Opinion and Order in support of granting the Respondent's Motion for Summary Judgment.

Archie has filed a Motion for Appointment of Counsel (Docket Entry No. 19).  The court **DENIES** the motion because habeas corpus is a civil action, and there is no absolute constitutional right to the assistance of counsel in such proceedings in federal court. Ogan v. Cockrell, 297 F.3d 349, 357 (5th Cir. 2002); Callins v. Johnson, 89 F.3d 210, 212 (5th Cir. 1996), citing Pennsylvania v. Finley, 107 S.Ct. 1990, 1993 (1987); see also In re Joiner, 58 F.3d 143, 144 (5th Cir. 1995).  Moreover, Archie has demonstrated that he is capable of representing himself in this proceeding, and a court-appointed counsel would not alter the outcome of this proceeding or serve the interests of the judicial system.  See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).

### VI.  Certificate of Appealability

Under 28 U.S.C. § 2253, Archie needs to obtain a Certificate of Appealability before he can appeal this Memorandum Opinion and Order dismissing his petition.  A Certificate of Appealability may be issued only if Archie makes "a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Archie must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998). See also Morris v. Dretke, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Memorandum Opinion and Order, Archie has not made a substantial showing of the denial of a constitutional right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). The court **DENIES** the issuance of a Certificate of Appealability in this action.

### VII.  Conclusion and Order

The court **ORDERS** the following:

1. The Respondent's Motion for Summary Judgment (Docket Entry No. 13) is **GRANTED.**

2. All other motions (Docket Entry Nos. 18, 19, 20, and 21) are **DENIED.**

3. A Certificate of Appealability is **DENIED.**

**SIGNED** at Houston, Texas, on this 7th day of December, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE